exportation (the "free" rate .of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52730.**—Maddock & Miller, Inc. *v.* United States, protests 65517–K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52731.**—Wm. H. Plummer & Co., Ltd. *v.* United States, protests 68491–K, etc. (New York).

Opinion by EKWALL, J. In accordance with' stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved.

**No. 52732.**—The Emporium Capwell Company *v.* United States, protest 130845–K (San Francisco).

Opinion by EKWALL, J. The record disclosed that on the date the protest was filed a notice of appraisement was issued to cover said invoice and that importer's notice of appeal from the appraiser's finding of value under section 501 was timely filed. It therefore appeared that the protest was satisfied by the issuance by the collector of said notice of appraisement within the 90 days allowed under section 515. Such action was tantamount to a cancellation of the liquidation. It was held that there was nothing before the court for decision, the question being moot. *Goldman* v. *United States* (28 C. C. P. A. 162, C. A. D. 139) and other cases cited. The protest was therefore dismissed.